Matter of Kranzdorf (2019 NY Slip Op 02004)





Matter of Kranzdorf


2019 NY Slip Op 02004


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: Respondent was admitted to the practice of law in New York by this Court on June 29, 1989. In his attorney registration information submitted to the Office of Court Administration, he has listed a business address located in Calabasas, California. In January 2019, the Grievance Committee filed with this Court proof that, by order dated April 29, 2016, the Supreme Court of the State of California disbarred respondent based on a decision and recommendation of the State Bar Court of California, which found that respondent had engaged in professional misconduct, including misappropriation of funds received in relation to his practice of law and engaging in dishonesty or deceit to conceal or justify the misconduct.


&em;

[*1]MATTER OF JEFFREY P. KRANZDORF, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



MEMORANDUM AND ORDER
Order of disbarment entered pursuant to 22 NYCRR 1240.13. Per Curiam Opinion:
Upon receipt of the submission of the Grievance Committee, this Court, by order entered January 15, 2019, directed respondent to appear on February 26, 2019, and to show cause why reciprocal discipline should not be imposed, pursuant to 22 NYCRR 1240.13, based on the misconduct underlying his disbarment in California. Although the Grievance Committee served respondent with the show cause order of this Court on or about February 17, 2019, respondent failed to file papers in response to that order, failed to appear on the return date thereof, and otherwise failed to contact this Court.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
Respondent failed to respond to the show cause order of this Court and, thus, he has failed to raise any factor that would preclude the imposition of reciprocal discipline. In addition, the submission of the Grievance Committee indicates that none of the factors set forth in 22 NYCRR 1240.13 (c) precludes the imposition of reciprocal discipline in this case. In determining an appropriate sanction, we have considered the nature of the misconduct, as well as the aggravating and mitigating factors found by the State Bar Court of California. Accordingly, we conclude that respondent should be disbarred. SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Mar. 1, 2019.)